UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IAN DOTY,<br>    Petitioner,<br><br>vs<br><br>WARDEN, TOLEDO<br>CORRECTIONAL INSTITUTION,[1]<br>    Respondent. | Case No. 1:12-cv-239<br><br>Beckwith, J.<br>Litkovitz, M.J.<br><br>REPORT AND<br>RECOMMENDATION |

Petitioner, an inmate in state custody at the Toledo Correctional Institution in Toledo, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 8). This matter is before the Court on respondent's motion to dismiss the petition with prejudice on the grounds that the petition is time-barred; petitioner's claims are procedurally defaulted; and petitioner's claims are not cognizable in this proceeding. (Doc. 13). Petitioner opposes respondent's motion. (Doc. 16).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On September 15, 2004, the Clermont County, Ohio, grand jury returned an indictment in Case No. 04-CR-00702 charging petitioner with one count of importuning, a fifth-degree-felony sexual offense, in violation of Ohio Rev. Code § 2907.07(B). (*See* Doc. 8-1, PAGEID #: 73). On

---

[1] When petitioner commenced the instant action, he properly named the Warden of the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, as the respondent because petitioner was incarcerated at SOCF at that time. (*See* Doc. 8). On May 21, 2012, petitioner notified the Court that he had been transferred from SOCF to the Toledo Correctional Institution (TCI) in Toledo, Ohio. (Doc. 12). Because it appears that TCI's Warden is the individual who now has custody of the petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

November 5, 2004, petitioner was convicted upon entry of a guilty plea to the charge. (*See id.*, PAGEID #: 74-76). After a hearing held on April 11, 2005, the trial court entered a "Judgment Entry of Sentence" on April 14, 2005. In the entry, the court found that petitioner is a "sexual predator" subject to the registration and reporting requirements set forth in Ohio Rev. Code Chapter 2950 and sentenced petitioner to an eleven (11) month prison term and a mandatory five-year term of post-release control upon his release from prison. (*See id.*, PAGEID #: 69).

Petitioner did not pursue a timely appeal from his conviction or sentence. (*See* Doc. 13, p. 3 & Ex. 1). Petitioner states in the petition that he was released from prison on February 23, 2006 upon the conclusion of his prison term. (*See* Doc. 8, pp. 6, 9).[2]

Thereafter, on May 8, 2006, petitioner filed a motion with the trial court, requesting the removal of his classification as a sexual predator. (*See id.*, PAGEID #: 71). On May 24, 2006, the trial court denied the motion. (*See id.*). Petitioner did not pursue an appeal in the state courts from the trial court's ruling. (Doc. 13, p. 3 & Ex. 1).

Over five years later, on August 19, 2011, petitioner filed a second motion requesting the removal of his sexual predator classification with the trial court. (*See* Doc. 8-1, PAGEID #: 71). On August 25, 2011, the court denied petitioner's motion, reasoning in pertinent part as follows:

> On April 11, 2005, the Defendant appeared, with counsel, for sentencing on the underlying charge in this matter. More importantly, he was afforded a full and complete hearing to determine the classification to be applied to him as a result of his conviction on the underlying charge. The sentencing had been delayed to afford the State and the Defendant an opportunity to obtain expert evaluation in reference to the sexual classification matter. At the conclusion of this full hearing, which included the introduction of two separate expert opinions, the Court found

---

[2] Respondent states in the motion to dismiss that petitioner is currently incarcerated based on another separate criminal conviction and sentence. (See Doc. 13, p. 3). That matter is not the subject of the instant habeas corpus action.

2

> that the appropriate classification for the Defendant was that of a sexual predator. The file reflects the appropriate entries regarding this classification. There was no appeal of the sentencing or the sexual classification decision.
>
> In May, 2006, the Defendant, having completed the prison sentence originally imposed in this matter, filed a similar type motion. The Court conducted a hearing on the motion and the Defendant appeared at that time. The Defendant stated, on the record, that there seemed to be some confusion regarding the actual sex offender classification. At the conclusion of the hearing the Court denied his motion.
>
> The Defendant's failure to appeal the prior orders in this Court clearly render each order to be final in all respects. Therefore, this Court does not have jurisdiction to modify these prior orders.

(*Id.*, PAGEID #: 71-72). It appears from the record that petitioner again did not pursue an appeal in the state courts from the trial court's ruling. (*See* Doc. 13, Ex. 1).

### State Proceedings On Motion For Delayed Appeal

Instead, on September 29, 2011, over six years after the final "Judgment Entry of Sentence" was issued, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, Twelfth Appellate District. (*See* Doc. 13, Ex. 2; *see also* Doc. 8-1, PAGEID #: 67). On November 9, 2011, the Ohio Court of Appeals denied petitioner's motion and dismissed the cause without opinion. (Doc. 8-1, PAGEID #: 67).

Petitioner appealed to the Ohio Supreme Court. (Doc. 13, Exs. 2-4). In his memorandum in support of jurisdiction, petitioner asserted six propositions of law challenging his sexual predator classification. (*See id.*, Ex. 4). On March 7, 2012, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 5; *see also* Doc. 8-1, PAGEID #: 68).

3

## Federal Habeas Corpus Petition

The instant federal habeas corpus action commenced on March 23, 2012, when petitioner filed a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1).[3] Petitioner has averred that he signed his *in forma pauperis* application and placed the petition in the prison mailing system for delivery to the Court on March 17, 2012. (*See* Doc. 1, p. 7; Doc. 8, p. 16). The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders*, 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Therefore, it is presumed that the petition was filed for statute of limitations purposes on March 17, 2012.

In the petition, petitioner alleges the following grounds for relief:

**Ground One:** When I was released from Ohio Department of Rehabilitation and Correction (ODRC) on 02/23/2006 I was served with papers to register as a sexually oriented offender as ODRC made the recommendation. I filed the motion to have the predator removed from the state website. On 05/08/06 and 05/24/06 Judge Robert P. Ringland held court and classed me back as a sexual predator without giving me counsel and he violated my rights and Ohio Revised Code as in my appeal the Ohio Supreme Court denied.

**Ground Two:** Judge Ringland did not specify in his sentence entry that he removed the sexual oriented offender that he was required to in order to classify me a sexual predator as specified in (2004) Ohio Revised Code.

**Ground Three:** I was indicted for a one count Importuning Ohio Revised Code 2907.07(B) (2004) Felony 5 and I was classed a sexual predator by this trial judge that is a 4 year age difference with no contact. I should of never been a sexual

---

[3] It is noted that petitioner's initial *in forma pauperis* application was deficient because petitioner failed to include a certified copy of his prison trust fund account statement. Therefore, the undersigned issued a Deficiency Order on April 2, 2012, requiring petitioner to either pay the filing fee or submit the missing financial information. (*See* Doc. 2). The petition was subsequently filed by the Clerk of Court on May 2, 2012 after petitioner paid the full $5.00 filing fee, which rendered his *in forma pauperis* application moot. (*See* Docs. 6-8).

4

>predator as a predator is a pedophile, a rapist and Importuning is not. If anything I should register once a year as I was when I was released from Ohio Department of Rehabilitation and Correction on 02/23/2006.
>
>**Ground Four:** My Public Defender Michael W. Cassidy never appealed the predator classification. As it don't matter if this is a court appointed counsel or private counsel Cassidy should of appealed it. He passed away December 2005 and I feel that he didn't fulfill his duties as a sexual predator is dangerous for someone and especially someone who doesn't meet those terms to be a sexual predator as Importuning is not a sexual predator.

(Doc. 8, pp. 6, 8, 9, 11). Petitioner requests as relief the removal of his classification as a sexual predator or, at least, the modification of his classification "to a sexually oriented offender who registers once a year." (*Id.*, p. 16; *see also* Doc. 16).

In the motion to dismiss filed in response to the petition, respondent contends that petitioner's claims challenging his sexual predator classification are "not related to his detention" and, therefore, do not constitute cognizable grounds for federal habeas relief. (Doc. 13, pp. 5-7). Respondent also argues that petitioner's claims are barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Id., pp. 7-12). Finally, respondent contends that petitioner has waived his claims as a result of his procedural defaults in the state courts. (*Id.*, pp. 12-16). Petitioner opposes respondent's motion to dismiss, arguing that his classification as a sexual predator is "wrong" and "should be corrected." (Doc. 16).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 13) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED AND PETITIONER'S CLAIMS ARE NOT COGNIZABLE IN THIS FEDERAL HABEAS PROCEEDING

### A. Statute-of-Limitations.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

5

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claims for relief. As an initial matter, it is clear from the record that neither § 2244(d)(1)(C) nor § 2244(d)(1)(B) applies here. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, nor has he alleged facts indicating that he was prevented from filing a timely habeas petition by any state-created impediment to filing. Therefore, only § 2244(d)(1)(A) and § 2244(d)(1)(D) are arguably applicable in the case-at-hand.

It is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) governs petitioner's claims and that the statute began to run under that provision in May 2005,

when petitioner's conviction became final by the expiration of the 30-day period for filing an appeal as of right to the Ohio Court of Appeals from the trial court's April 14, 2005 final judgment entry. (*See* Doc. 13, p. 8). *See also* Ohio R. App. P. 4; Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Petitioner claims in his habeas corpus petition that the petition is timely under § 2244(d)(1)(A) because the state proceedings on his motion for delayed appeal had concluded only a few months earlier in March 2012. (*See* Doc. 8, p. 15). However, contrary to petitioner's contention, the state proceedings on his unsuccessful motion filed in September 2011 for leave to file a delayed appeal to the Ohio Court of Appeals, did not restart the running of the statute under § 2244(d)(1)(A), but rather could only serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Sayles v. Warden, London Corr. Inst.*, No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 3527140 (S.D. Ohio Aug. 15, 2012) (Dlott, J.). Therefore, as respondent has argued, if § 2244(d)(1)(A) governs petitioner's claims, the statute would have begun to run years earlier, in May 2005, and would have expired a year later in May 2006 absent application of statutory or equitable tolling principles.

Nevertheless, an argument can be made that the later limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D) governs petitioner's claims to the extent petitioner contends that the sexual predator classification was improper in light of the ODRC's determination upon his release from prison on February 23, 2006 that he was only required to register "as a sexually oriented offender." (*See* Doc. 8, p. 6). Therefore, the Court will assume, without deciding, in petitioner's favor that § 2244(d)(1)(D) applies here. The Court will also assume, solely for the sake of

7

argument, in petitioner's favor that petitioner could not have discovered the factual predicate of his claims in the exercise of due diligence until just before he filed his first motion with the trial court on May 8, 2006 requesting the removal of his classification as a sexual predator. Assuming even further in petitioner's favor that the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2) during the pendency of the proceedings on petitioner's initial motion for removal of the sexual predator classification, the undersigned finds that the statute commenced running at the very latest on May 25, 2006, one day after the trial court denied the motion, and expired a year later on May 25, 2007 absent further application of statutory or equitable tolling principles.

Under 28 U.S.C. § 2244(d)(2), petitioner was entitled to statutory tolling of the one-year limitations period based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, _ U.S. _, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, petitioner took no action to challenge his conviction, sentence or classification as a sexual predator during the one-year limitations period that ran from May 25, 2006 through May 25, 2007. Indeed, even after the expiration of that limitations period, petitioner delayed for over four years before filing his second motion for removal of the sexual predator classification

with the trial court in August 2011, and, thereafter, his unsuccessful motion for leave to file a delayed appeal to the Ohio Court of Appeals in September 2011. Therefore, petitioner is unable to prevail on any argument that § 2244(d)(2) applies to avoid the statute of limitations bar to review in this case.

The AEDPA's statute of limitations is also subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. He did not pursue an

9

appeal in the state courts from the denial of his initial motion for removal of the sexual predator classification and then waited over five years before filing his second unsuccessful request, which he also failed to appeal. Moreover, petitioner did not timely appeal the final judgment entry containing the original sexual predator classification. Instead, he waited until over six years after his conviction and sentence became final to seek a delayed appeal in the Ohio Court of Appeals.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking habeas corpus relief in a timely manner. Petitioner has alleged in Ground Four of the petition that his trial counsel was ineffective in failing to appeal the sexual predator classification when it was initially determined in April 2005. However, petitioner has not provided any justification for his significant delay of nearly six years in filing his habeas petition after he first unsuccessfully sought to have the classification removed by the trial court in May 2006.

Accordingly, in sum, the undersigned concludes that even under the most favorable statute of limitations provision that is arguably applicable to petitioner's claims for relief, petitioner's habeas corpus petition is time-barred. Under that provision set forth in 28 U.S.C. § 2244(d)(1)(D), the statute commenced running at the latest on May 25, 2006, and expired one year later on May 25, 2007. Neither statutory nor equitable tolling principles apply to avoid the statute of limitations bar in this case. The instant habeas corpus petition filed on March 17, 2012, nearly five years after the expiration of the limitations period, was filed too late.

B. **Non-Cognizable Grounds For Relief**.

In addition, petitioner's claims challenging his sexual predator classification do not constitute cognizable grounds for federal habeas relief.

Under 28 U.S.C. § 2254, the federal habeas court only has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). The Sixth Circuit has held that a petitioner, who attacks only his classification under Ohio's sex offender registration and reporting statute and not his underlying conviction and sentence, is not "in custody" under the habeas statute. *See Lewis v. Randle,* 36 F. App'x 779, 780-81 (6th Cir. 2002) (affirming the dismissal of a petition challenging the constitutionality of Ohio Rev. Code Chapter 2950, under which the petitioner had been classified as a sexual predator, for lack of "in custody" jurisdiction); *see also Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002).

It is unclear from the record whether petitioner, who served his prison sentence, is still in custody for the underlying importuning offense. Petitioner was required to serve a mandatory five-year term of post-release control after his release from prison, which he may not have completely served when he was arrested, convicted and placed in prison on other criminal charges. *See, e.g., Martin v. Warden, Richland Corr. Inst.,* No. 5:11cv2230, 2012 WL 5272156, at *2 n.2 (N.D. Ohio Aug. 15, 2012) (Report & Recommendation) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989), and *Lewis*, 36 F. App'x at 780-81, in noting that "[p]ost-release control satisfies the 'in custody' requirement"), *adopted*, 2012 WL 5272136 (N.D. Ohio Oct. 23, 2012). Nevertheless, it is clear from the record that petitioner, who has served his prison sentence and has conceded in his brief in opposition to the motion to dismiss that he is *not* attacking his underlying conviction and sentence for importuning (*see* Doc. 16, p. 2), is challenging only his

11

classification as a sexual predator in his grounds for federal habeas relief. Therefore, as in *Lewis* and *Leslie*, the instant petition is subject to dismissal for lack of "in custody" jurisdiction. *Cf. Leslie,* 296 F.3d at 521-23; *Lewis,* 36 F. App'x at 780-81; *see also Moviel v. Smith*, No. 1:08cv1612, 2010 WL 148141, at *19 (N.D. Ohio Jan. 12, 2010) ("When the state court merely requires post release registration under Ohio Rev. Code Chapter 2950 after defendant serves the period of incarceration there is no restraint, hence no state custody."), *aff'd on other grounds*, 482 F. App'x 73 (6th Cir. 2012).

In any event, even assuming, *arguendo*, that petitioner seeks to challenge the validity of his guilty plea because of his classification as a sexual predator, it is well-settled under Sixth Circuit precedents that the classification is merely a "collateral consequence" of his guilty plea, which does not affect the validity of his plea or conviction. *See, e.g., Leslie*, 296 F.3d at 521-23; *United States v. Cottle*, 355 F. App'x 18, 20-21 (6th Cir. 2009); *see also Tatum v. Warden, Allen Corr. Inst.*, No. 1:07cv355, 2008 WL 1766790, at *1, *5 (S.D. Ohio Apr. 11, 2008) (Beckwith, J.; Black, M.J.).

Accordingly, in sum, the undersigned concludes that the petition is subject to dismissal with prejudice not only because it is time-barred under 28 U.S.C. § 2244(d), but also because the grounds for relief challenging petitioner's classification as a sexual predator under Ohio Rev. Code Chapter 2950 do not give rise to a cognizable claim subject to review in this federal habeas proceeding.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 13) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 8) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the petition, which this Court has concluded both are barred from review on a procedural ground and do not constitute cognizable grounds for federal habeas relief. Under the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling or whether petitioner has stated a viable claim for federal habeas relief in any of his grounds for relief.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/31/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IAN DOTY,
    Petitioner,

vs

WARDEN, TOLEDO
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-239

Beckwith, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ian Doty # A-635-838
Toledo Corr. Inst.
2001 E. Central Ave.
Toledo, OH 43608

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☑ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail
☐ Registered
☐ Insured Mail
☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 5154

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540