IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ian Doty, )
  )
      Petitioner, ) Case No. 1:12-CV-239
  )
vs. )
  )
Warden, Toledo Correctional )
Institution, )
  )
      Respondent. )

O R D E R

      This matter is before the Court on Petitioner Ian Doty's petition for a writ of habeas corpus (Doc. No. 8), the motion to dismiss filed by Respondent, Warden of the Toledo Correctional Institution (Doc. No. 13), Magistrate Judge Litkovitz's Report and Recommendation (Doc. No. 17) recommending that Respondent's motion be granted, and Petitioner's objections to the Report and Recommendation (Doc. No. 21). For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation. Respondent's motion to dismiss is well-taken and is **GRANTED.** Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

      In April 2005, in the Clermont County Court of Common Pleas, Petitioner pled guilty and was sentenced to a term of eleven months of imprisonment and five years of community control for importuning, a fifth degree felony. At the same time, the trial court determined that Petitioner is a sexual predator subject to the reporting requirements set forth in Ohio Rev. Code Chapter 2950. Petitioner did not appeal his

1

conviction and sentence on this charge. As Magistrate Judge Litkovitz found in her Report and Recommendation, it is not disputed that Petitioner served out his term of incarceration on this offense although is it unclear whether the term of community control remains to be served. In any event, although Petitioner is currently a prisoner at Toledo Correctional Institution, he is serving time on convictions unrelated to his Clermont County importuning offense.

In May 2006, Petitioner moved the trial court to remove his sexual predator classification. The trial court denied that motion shortly thereafter and Petitioner did not appeal. In August 2011, Petitioner again moved the trial court to remove his sexual predator classification. The trial court again denied Petitioner's motion and again Petitioner did not appeal. Petitioner then filed a motion to file a delayed appeal from his original conviction. Petitioner's motion was denied by the Ohio Court of Appeals and the Supreme Court of Ohio.

Petitioner filed the instant petition for a writ of habeas corpus in March 2012 in which he seeks only the removal of his classification as a sexual predator. On motion of the Respondent, Magistrate Judge Litkovitz found that: 1) Petitioner's petition for a writ of habeas corpus is barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d) and 2) even if not time barred, Petitioner's request to have his sexual predator classification removed is not cognizable in federal habeas proceedings.

Petitioner's objections more or less simply reiterate his grounds for relief and do not substantially address the Report and Recommendation. Petitioner does attempt to grasp at straws from the Report and Recommendation in which Judge Litkovitz made some generous but ultimately non-dispositive factual and legal assumptions concerning

application of the statute of limitations, but he fails to address at all the conclusion that his claim for relief is non-cognizable in federal habeas proceedings.

Having reviewed the Report and Recommendation de novo pursuant to Fed. R. Civ. P. 72(b), the Court finds that it is correct in all respects. Magistrate Judge Litkovitz's analysis of Petitioner's statute of limitations problem was accurate and thorough; it would be a waste of judicial resources to repeat her analysis. Moreover, Judge Litkovitz correctly determined that Petitioner's claim to have his sexual predator classification removed is not relief that is available in federal habeas corpus proceedings. Leslie v. Randle, 296 F.3d 518, 521-23 (6th Cir. 2002).

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's objections to the Report and Recommendation (Doc. No. 21) are not well-taken and are **OVERRULED.**

2. The Court **ADOPTS** the Report and Recommendation.

3. Respondent's motion to dismiss (Doc. No. 13) is well-taken and is **GRANTED.**

4. Petitioner's petition for a writ of habeas corpus (Doc. No. 8) is **DISMISSED WITH PREJUDICE.**

5. A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Id. at 483-84. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

6. With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would

not be taken in good faith.  Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


Date March 12, 2013                             s/Sandra S. Beckwith
                                                Sandra S. Beckwith
                                        Senior United States District Judge